# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK and MICHELLE PARK,<br><br>Plaintiffs,<br>vs.<br><br>AURORA LOAN SERVICES; LEHMAN BROTHERS BANK, FSB; QUALITY LOAN SERVICES CORPORATION; CHICAGO TITLE COMPANY; ALLISON MCCLOSKEY ESCROW; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; and DOES 1-100,<br><br>Defendants. | CASE NO. 10-CV-1739-H (POR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

On August 19, 2010, Plaintiffs Sean and Michelle Park, proceeding *pro se*, filed a complaint arising out of the origination of their home mortgage loan and the nonjudicial foreclosure proceedings related to the property. (Doc. No. 1, Compl.) On September 29, 2010, the Court granted Defendants Aurora Loan Services LLC, Lehman Brothers Bank, FSB, Mortgage Electronic Registration Systems, Inc., and Allison McCloskey Escrow's motions to dismiss the complaint. (Doc. No. 22.) Nevertheless, the Plaintiffs waited until the eve of foreclosure to bring this application to the Court. The case currently remains closed. On November 8, 2010, Plaintiffs filed an ex parte application for a temporary restraining order in this case, seeking to restrain Defendants from foreclosing on Plaintiffs' residential property. (Doc. No. 27.) On November 9, 2010, the Court ordered Plaintiffs to show cause that they can

rescind the loan contract by tendering the loan proceeds. (Doc. No. 28.) Specifically, the Court requested that Plaintiffs show that they paid back the loan proceeds or otherwise complied with 15 U.S.C. § 1635(b). (Id.) The Court also allowed Defendants to respond to the application for a temporary restraining order. (Id.) On November 9, 2010, Plaintiffs filed their response to the Court's order. (Doc. No. 31.) On November 10, 2010, Defendants Aurora Loan Services LLC, Lehman Brothers Bank, FSB, and Mortgage Electronic Registration Systems, Inc. filed their response in opposition to Plaintiffs motion for a temporary restraining order. (Doc. No. 29.) For the following reasons, the Court DENIES Plaintiffs' motion for a temporary restraining order.

## Background

On October 25, 2005, Plaintiffs borrowed $796,250 under a promissory note to purchase a home located at 821, 823, 825 Deal Court, San Diego, California 92109. (Doc. No. 10-2, Ex. A.) The loan was secured by a Deed of Trust. (Id.) As of October 15, 2009, Plaintiffs were in default. (Id., Ex. C.) When Plaintiffs defaulted on their loan, Defendants commenced a nonjudicial foreclosure by recording a Notice of Default and Election to Sell under Deed of Trust on October 16, 2009. (Id.) Over a year later, on August 19, 2010, Plaintiffs filed a complaint in this case. (Doc. No. 1.) The Court dismissed Plaintiffs' complaint after concluding that Plaintiffs' causes of action for violation of the federal Truth in Lending Act and Real Estate Settlement Procedures Act are time barred for their 2005 loan. (Doc. No. 22 at 5-6.)

## Discussion

Temporary Restraining Orders ("TROs") are reserved for emergency circumstances where the rights of a party are in urgent need of protection. Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438 (1974). Apart from showing the necessity for immediate relief, applicants for a TRO must meet the same standards as for a preliminary injunction. See, e.g., Hunt v. Nat'l Broad. Co., Inc., 872 F.2d 289, 292 (9th Cir.1989). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

1 in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008); <u>Marlyn Nutraceuticals, Inc, v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 877 (9th Cir. 2009).

Plaintiffs cannot demonstrate a likelihood of prevailing on the merits, because the Court previously dismissed their claims as time barred. The statute of limitations for damages under TILA is one year. 15 U.S.C. § 1640(e). The statute of limitations for rescission under TILA is three years. 15. U.S.C. § 1635(f). The limitations period for TILA claims starts at the consummation of the transaction. <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs claims arise out of the loan transaction consummated in 2005. However, Plaintiffs did not file their complaint until August 19, 2010. Even if the claims were not barred, in a rescission action under TILA, the party seeking rescission must restore to the non-rescinding party all consideration received under the contract. <u>See</u> 15 U.S.C. § 1635(b); <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1172-73 (9th Cir. 2003). Here, Plaintiffs have not tendered the loan proceeds to date. Instead, Plaintiffs offered to tender through a third-party offer. (Doc. No. 27 at 9, ¶ 2.) Defendants respond that they have not received or agreed to any offer. (Doc. No. 29.) In any event, there is no guarantee that this third party offer would be consummated.

Accordingly, Plaintiffs have not established that they are likely to succeed on the merits of their TILA rescission claim. <u>See</u> <u>Winter</u>, 129 S. Ct. at 374. Accordingly, the Court concludes that there are inadequate grounds for issuance of a temporary restraining order.

## Conclusion

For the reasons above, the Court DENIES Plaintiffs' motion for a temporary restraining order.

**IT IS SO ORDERED.**

DATED: November 10, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT